UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. FRANKLIN, JR., ADDIE C. FRANKLIN, SAINTS INTERNATIONAL ASSEMBLIES, CITY ON THE HILL, and NEW JERUSALEM PENTECOST MINISTRIES, <br><br>          Plaintiffs, <br><br>     v. <br><br> BANK OF SPRINGFIELD, <br><br>          Defendant. | Case No. 25-cv-1278-JPG |

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

This matter comes before the Court on the motion of plaintiffs James L. Franklin, Jr. and Addie C. Franklin[1] (collectively, "the Franklins") for a temporary restraining order ("TRO") (Doc. 2). They ask this Court to enjoin the defendant Bank of Springfield ("the Bank") from proceeding with a foreclosure on property at 1460 Hartman Lane, Shiloh, Illinois. The Bank began a foreclosure proceeding in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, in December 2023, in *Bank of Springfield v. Saints International Assemblies et al.*, No. 2023FC000480. By the spring of 2025, the court had entered a judgment of foreclosure and the property had been sold. The only remaining step in the foreclosure process is to confirm the sale, which is to be the subject of a hearing on June 26, 2025. The Franklins seek to stop the hearing and the foreclosure. There is no evidence in the record that they have notified the Bank

---

[1] The organizational plaintiffs must be represented by counsel in this case. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993) (". . . the law permits corporations . . . and other artificial entities . . . to appear in federal courts only through licensed counsel."). Unless one of the Franklins is an attorney able to practice law in this Court, they may not appear on behalf of the organizations.

of this case.

The Court now turns to the motion for a TRO.  Ordinarily, this Court will not issue a TRO *ex parte*.  Such a policy "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984).  However, the Court may issue an *ex parte* TRO of a brief duration and limited scope to preserve the status quo pending a hearing.  *Id.* (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974)).  *Ex parte* TROs, if issued, should last only as long as is necessary to hold a hearing and no longer.  *Granny Goose* , 415 U.S. at 438-39; *Am. Can*, 742 F.2d at 322.

When deciding whether to issue a TRO, the Court applies the same standard as it does to a motion for a preliminary injunction.  *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001).  A party seeking a preliminary injunction "must make a threshold showing that:  (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits."  *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public interest.  *Id.*  "[T]he more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor."  *Id.*

The Court declines to issue an *ex parte* TRO in this case because the Franklins do not have a reasonable likelihood of success on the merits.  As a preliminary matter, it appears the Court lacks jurisdiction over this case.  The Franklins assert diversity jurisdiction under 28

U.S.C. § 1332(a), but it appears that all parties are likely to be Illinois citizens. They also assert federal question jurisdiction, but the facts alleged do not appear to present any federal question. The Franklins allege that they obtained a loan from the Bank with unfavorable terms, and the Bank refused to renegotiate the terms, instead, sticking to the original terms to which the Franklins agreed. When the Franklins defaulted, the Bank proceeded to foreclosure. In that proceeding, the Franklins had an opportunity to present and litigate the legality of the foreclosure. Apparently they did not, or the court rejected their arguments. Now they want this Court to undermine the state court.

While the Franklins cite several federal statutes—the Real Estate Settlement Procedures Act; the Coronavirus Aid, Relief, and Economic Security Act; the Truth In Lending Act; the Fair Debt Collection Practices Act; the Equal Credit Opportunity Act; and the Home Ownership and Equity Protection Act—they do not allege facts that plausibly suggest a right to relief above a speculative level. As a consequence, they have failed to state a claim for a federal cause of action under any of those statutes. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is unlikely to have federal jurisdiction over the Franklins' claim.

Even more importantly, even if they had stated a claim, the Court would likely abstain from hearing this case on the basis of *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). That abstention doctrine "is rooted in traditional principles of equity, comity, and federalism, [and] requires federal courts to refrain from exercising their jurisdiction when relief may interfere with certain state proceedings." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). Exercising *Younger* abstention is appropriate where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate

opportunity to raise the federal claims, and no exceptional circumstances exist." *Id.* It is proper where federal civil proceedings implicate a state's interest in enforcing orders and judgments of its courts. *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). Further, it is proper "only when state court proceedings are initiated before any proceedings of substance on the merits have taken place in the federal court." *Ewell*, 853 F.3d at 916. (internal citations omitted).

Relief sought in this case, specifically, a TRO prohibiting the confirmation of the property sale pursuant to a state court judgment, would certainly "interfere with . . . state proceedings." *Id.* The state proceeding involves important state issues regarding real estate within its borders and the enforcement of loan contracts made by banks within the state with citizens of the state. The Franklins could have raised the propriety of foreclosure in light of the federal statutes as a defense to the foreclosure. And finally, the Franklins have pointed to no exceptional circumstances that would justify this Court's effectively calling a halt to the state foreclosure proceeding as it nears its conclusion.

Consistent with *Younger* abstention, the Anti-Injunction Act, 28 U.S.C. § 2283, states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This applies to requests like the Franklins' to enjoin state foreclosure proceedings. *See Mitchell v. U.S. Bank Nat'l Ass'n for Wells Fargo Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2006-AR4*, 293 F. Supp. 3d 209, 213 (D.D.C. 2018). The Franklins have not pointed to any federal statute expressly authorizing this Court to enjoin the state foreclosure proceeding. Accordingly, the Court cannot grant the motion for a TRO.

For the foregoing reasons, the Court **DENIES** the motion for a TRO (Doc. 2). T

The Court further **ORDERS** the Franklins to **SHOW CAUSE** on or before July 16,

4

2025, why the Court should not (1) dismiss this case for lack of federal subject matter jurisdiction and/or (2) abstain from hearing this case under the *Younger* abstention doctrine. In response to this order to show cause, they may file an Amended Complaint with sufficient facts to state a claim under a federal statute which does not interfere with the state foreclosure proceeding. If they fail to timely respond to this order to show cause, the Court will dismiss this case for lack of jurisdiction or abstain from exercising jurisdiction.

      As a one-time courtesy to the Franklins, and in light of the urgency of this matter, the Court **DIRECTS** the Clerk of Court to send a copy of this order to them by email to cityonthehill@yahoo.com in addition to mailing a hard copy.

**IT IS SO ORDERED.**
**DATED:  June 25, 2025**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**