UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. FRANKLIN, JR. and ADDIE C. FRANKLIN, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF SPRINGFIELD, <br><br> Defendant. | Case No. 25-cv-1278-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiffs James L. Franklin, Jr. and Addie C. Franklin (collectively, "the Franklins") for entry of default judgment because the defendant Bank of Springfield ("Bank") has not answered or otherwise responded to their Amended Complaint (Doc. 6). The Bank has responded to the Franklins' motion by asking the Court to dismiss the motion and the case against it for lack of personal jurisdiction, insufficient process, and insufficient service of process (Doc. 9). The Franklins have responded to the Bank's motion (Doc. 10).

**I.   Background**

This case stems from the Franklins' dissatisfaction with the Bank's efforts to foreclose on property at 1460 Hartman Lane, Shiloh, Illinois. The Bank began a foreclosure proceeding in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, in December 2023, in *Bank of Springfield v. Saints International Assemblies et al.*, No. 2023FC000480. By the spring of 2025, the state court had entered a judgment of foreclosure and the property had been sold. The state court confirmed the sale on June 26, 2025, and entered an eviction order on September 25, 2025. The Franklins seek to stop the foreclosure proceedings and to allow them to sell the

property themselves. They also seek punitive damages for reputational and financial harm and a declaration that the Bank has violated state and federal law.[1]

## II.     Procedural History

Understanding the procedural history of this case is critical to resolving the pending motions. The Franklins filed this case and paid the filing fee on June 23, 2025 (Doc. 1). They amended their complaint about a month later, on July 18, 2025 (Doc. 5). There is no evidence in the record that they obtained a summons or served the Bank with process.

On September 22, 2025, the Franklins filed the pending motion for default judgment citing "proof of service filed with this Court" and the Bank's failure to respond within 21 days of that service. There is no such proof of service on file. The Franklins seek default judgment in the amount of $7 million.

Four days later, on September 26, 2025, the Bank filed a motion to dismiss the Franklins' motion for default judgment on the grounds that it has never been served with the summons and complaint in this case. As a consequence, the Bank argues, the Court does not have personal jurisdiction over it in this matter, and it is under no obligation to respond to the Franklins' pleading.

The Franklins respond that, despite no return of service in the record, the complaint and amended complaint were mailed and emailed to the Bank on July 18, 2025. They contend that the Bank has now had copies of the pleadings for at least 23 days, so its response is late.

## III.    Analysis

The Franklins fail to appreciate the difference between mailing (or emailing) a pleading

---

[1] The Court initially noted questions regarding its subject matter jurisdiction to hear this case (Doc. 4), but questions of personal jurisdiction have temporarily taken precedent over subject matter jurisdiction issues.

to a defendant and serving the defendant with process.  Process includes the summons, issued and sealed by the Clerk of Court, along with a copy of the operative pleading, now the Amended Complaint (Doc. 5).  *See* Fed. R. Civ. P. 4(b), (c)(1).  Service must be accomplished using the methods described in Federal Rule of Civil Procedure 4, which depend on the kind of entity the defendant is, unless the plaintiff is able to get the defendant to agree to waive service of process under Rule 4(d).  Where the defendant is a corporation, partnership, or association—like the Bank—service must be made in accordance with Rule 4(h).  Neither Rule 4(h) nor the state law it incorporates, 735 ILCS 5/2-203, permits service of process solely by U.S. Mail or by email.  Additionally, service must also be accomplished within 90 days after the first pleading against the defendant is filed or else the claim is subject to dismissal.  *See* Fed. R. Civ. P. 4(m).

Service of process is of jurisdictional significance; the Court does not have personal jurisdiction over a defendant until the defendant is served with process.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011); *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008).  By the same token, a defendant has no obligation to respond to a complaint until it is served with process, officially becoming a party to the case.  *Murphy Bros.*, 526 U.S. at 350-51.

A quick look at the docket and the Franklins' recent filings shows no indication that they obtained a summons from the Clerk of Court, served the Bank with process or obtained a waiver of service, or filed a return of service to evidence proper service.  Thus, the Bank has not yet become an official party to this case and, as such, has no obligation to respond to the Franklins' pleading.  In these circumstances, its failure to respond does not justify entry of default under Federal Rule of Civil Procedure 55(a) or a default judgment under Rule 55(b).  Accordingly, the Court will deny the Franklins' motion for default judgment (Doc. 6).  This renders the Franklins'

motion to compel a Rule 26(f) conference moot (Doc. 12) since the Bank has not yet become a party to this action. The Court will further vacate its October 17, 2025, tracking and scheduling order, including the final pretrial conference and trial dates (Doc. 11).

Further, in light of the foregoing, it is clear that process and service of process are both inadequate and justify dismissal under Rule 12(b)(4) and (5), respectively. Accordingly, the Court will grant the Bank's motion to dismiss for lack of personal jurisdiction (Doc. 9).

Such dismissal is, of course, without prejudice so might be curable. But it is now well beyond the 90-day deadline for service set forth in Rule 4(m). That deadline expired 90 days after the Franklins filed the original complaint, that is, on September 21, 2025. If the Franklins wish to serve a summons and the Amended Complaint on the Bank outside that 90-day window, they must show good cause or excusable neglect for the failure to timely effect service. The Court is required to grant an extension if the plaintiff shows good cause but has the discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996). The Court will give the Franklins a reasonable time to demonstrate good cause or excusable neglect in support of a request for a reasonable extension of time to effect service. If they fail to so move in a timely manner, the Court will enter a final judgment dismissing this case without prejudice for failure to timely effect service.

**IV.     Conclusion**

For the foregoing reasons, the Court:

- **DENIES** the Franklins' motion for default judgment (Doc. 6);

- **DENIES as moot** the Franklins' motion to compel a Rule 26(f) conference and joint report (Doc. 12);

- **VACATES** the October 17, 2025, tracking and scheduling order, including the final pretrial conference and trial dates (Doc. 11);

- **GRANTS** the Bank's motion to dismiss this case for lack of personal jurisdiction pursuant to Rule 12(b)(4) and (5) (Doc. 9); and

- **ORDERS** that the Franklins shall have 30 days from entry of this order to move for a reasonable extension of time under Rule 4(m) to effect service.

**IT IS SO ORDERED.**
**DATED:  December 2, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
