UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES L. FRANKLIN, JR. and
ADDIE C. FRANKLIN,

        Plaintiffs,

        v.

BANK OF SPRINGFIELD,

        Defendant.

Case No. 25-cv-1278-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant Bank of Springfield ("Bank") to quash serviced of process and to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (4), and (5) for lack of service of process and personal jurisdiction (Doc. 19). Plaintiffs James L. Franklin, Jr. and Addie C. Franklin (collectively, "the Franklins") have responded to the motion (Doc. 26). Also, because the Bank believes it has not been properly served, it has not answered, so the Franklins have filed a motion for entry of default judgment (Doc. 24), to which the Bank has responded (Doc. 25).

This case stems from the Franklins' dissatisfaction with the Bank's foreclosure on property at 1460 Hartman Lane, Shiloh, Illinois. The Bank began a foreclosure proceeding in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, in December 2023, in *Bank of Springfield v. Saints International Assemblies et al.*, No. 2023FC000480. By the spring of 2025, the St. Clair County Court had entered a judgment of foreclosure and the property had been sold. The state court confirmed the sale on June 26, 2025, and entered an eviction order on September 25, 2025. The Franklins did not appeal.

In their Amended Complaint in this case, filed July 18, 2025, the Franklins sought to stop

the foreclosure and to allow them to sell the property themselves.  They also sought punitive

damages for reputational and financial harm and a declaration that the Bank violated state and

federal law.

As of December 2025, the Franklins had not yet served the Bank with the Amended

Complaint, so the Court granted the Bank's motion to dismiss for lack of service and denied the

Franklins' motion for default judgment, but gave the Franklins an opportunity to seek more time

to achieve proper service of process (Doc. 13).  It reminded the Franklins that they needed to

accomplish service of process in compliance with Federal Rule of Civil Procedure 4(h).

This is the second round of the service-default-dismiss fight.  This time, the Franklins

obtained a summons from the Clerk's Office (Docs. 16 & 17) and arranged for delivery of the

summons and complaint to Deborah J. Volmert, the counsel who appeared in this case on

September 26, 2025, for the Bank (Doc. 18).  She was the counsel representing the Bank in the

state foreclosure proceedings and the counsel who filed the Bank's first motion to dismiss this

case for failure to serve process.  Service on Volmert was accomplished on January 7, 2026.

Several weeks later, now represented by different counsel, the Bank moved to dismiss

and quash service on the grounds that Volmert was not someone authorized to accept service for

the Bank under Rule 4(h) (Doc. 19).  Again, the Bank argues, the Court has no jurisdiction over

it because it has not been properly served with process.  The Franklins respond that Volmert

entered her appearance on the Bank's behalf, so the Franklins operated in good faith in serving

her to accomplish service on the Bank (Doc. 26).  They do not assert they attempted service

other than on Volmert, so the sole question is whether Volmert was authorized to accept service

directed at the Bank.

Where a defendant challenges the sufficiency of service of process, the plaintiff "bears

2

the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011); *see Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 453 (7th Cir. 2000). If the Court finds the plaintiff has not carried the burden without good cause for failing to serve, the Court, in its discretion, must either dismiss the suit or extend the time for service under Rule 4(m). *Cardenas*, 646 F.3d at 1005.

Rule 4(h) governs service on corporate entities like the Bank. It requires that service be accomplished by following state law for serving process or "by delivering a copy of the summons and of the complaint to an *officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . .*" Fed. R. Civ. P. 4(h)(1). Illinois law provides that a private corporation can be served "by leaving a copy of the process with its *registered agent or any officer or agent of the corporation*" in the state or as otherwise permitted by law. 735 ILCS 5/2-204. Service on a party's attorney who is not one of the aforementioned individuals is not sufficient unless the party has expressly authorized the attorney for that precise task. *McCoy v. Biomat USA, Inc.*, No. 1:23-CV-02282, 2024 WL 3594627, at *2 (S.D. Ind. July 31, 2024) (citing *Schultz v. Schultz*, 436 F.2d 635, 638-39 (7th Cir. 1971)); *see United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. . . . Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service."). This is true even if the attorney has previously appeared in the case to contest personal jurisdiction.

In its motion, the Bank has presented uncontested evidence that Volmert is not "an

officer, managing agent, general agent, or registered agent of the Bank, and the Bank has not authorized her—by appointment or otherwise—to accept service of process on its behalf in this or any other action." Huebner Aff. ¶ 4 (Doc. 20-1). Instead, she is outside counsel retained to represent the Bank in the Franklins' foreclosure case and, for the limited purpose of challenging personal jurisdiction, in this case. The Bank's evidence also shows that service has not been otherwise made on any person authorized by federal or state law to accept service on the Bank's behalf.

The Franklins argue that it was reasonable for them to think Volmert was authorized to receive service for the Bank because she had appeared in the same case. They further note that the Bank had actual or constructive notice of this lawsuit and that they have served the Bank's new counsel with the Amended Complaint.

The bottom line is that Volmert was not a person recognized as able to receive service for the Bank under Rule 4(h). Thus, the Franklins have not properly served the Bank. That they reasonably believed Volmert was able to receive service does not matter:

> [T]he extent to which the plaintiff "tried" to serve process should not be a factor as to whether a federal court has personal jurisdiction over a defendant. Rather, the requirements of Rule 4 are satisfied only when the plaintiff is successful in serving the complaint and summons on the defendant.

*Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 302 (7th Cir. 1991). Since the Franklins served someone not recognized in Rule 4(h) as authorized to receive service for the Bank, the Court will quash the service and dismiss the case without prejudice under Rule 12(b)(5).

However, because the Franklins were reasonable, but wrong, to believe Volmert could accept service and because service on the proper individual should not be difficult, the Court will extend the time for service for another short period—30 days from entry of this order—pursuant

4

to Rule 4(m).  The Court **WARNS** the Franklins that, should they not achieve proper service by then, the Court may enter judgment of dismissal with prejudice for failure to serve process and for lack of personal jurisdiction.  <u>Further extensions of time will be granted only in extraordinary circumstances.</u>  This case is nearly nine months old and service has still not been accomplished.  The case needs to get moving or go away.

Further, as explained in the Court's order of December 2, 2025 (Doc. 13), before it is properly served, a defendant has no obligation to answer a complaint.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999).  Thus, the Bank cannot be defaulted under Federal Rule of Civil Procedure 55(a) and the Court cannot enter default judgment against it under Federal Rule of Civil Procedure 55(b).  The Court will deny the Franklins' motion for default judgment (Doc. 24).

In sum, the Court:

- **GRANTS** the Bank's motion to dismiss and quash (Doc. 19);

- **QUASHES** the January 7, 2026, service on the Bank through Volmert (Doc. 18);

- **DISMISSES** the case without prejudice;

- **EXTENDS** the time for the Franklins to achieve proper service to 30 days from entry of this order; and

- **DENIES** the Franklins' motion for default judgment (Doc. 24).

**IT IS SO ORDERED.**
**DATED:  March 30, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**